# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Hayward Property, L.L.C.,

                Plaintiff,      Case No. 20-50286

v.                        Judith E. Levy
                        United States District Judge

Commonwealth Land Title
Insurance Company,        Mag. Judge R. Steven Whalen

                Defendant.

_____/

## ORDER TRANSFERRING CASE [1]

This case is a discovery dispute arising out of litigation in the Northern District of California, assigned to the Honorable Saundra Brown Armstrong. *Hayward Property, LLC v. Commonwealth Land Title Ins. Co.*, Case No. 17-cv-06177 (N.D. Cal.). On February 20, 2020, Defendant Commonwealth Land Title Insurance Company filed an initiating motion to compel further discovery. (ECF No. 1.) Defendant requests an order compelling the production of all documents responsive to Defendant's subpoenas and allowing for the continuance of the

depositions of attorneys Richard Sundquist and Mark Shapiro. (*Id.* at PageID.27.)

The Court did not issue the subpoenas in the underlying title insurance dispute. Pursuant to Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Because judicial efficiency and consistency constitute exceptional circumstances warranting transfer of this case, the Court transfers the case to the Northern District of California.

**Consent**

On June 3, 2020, the Court asked the parties whether the parties and attorneys Sundquist and Shapiro consented to the transfer of this case to the Northern District of California. On June 4, 2020, counsel for Plaintiff informed the Court by email that Plaintiff and attorney Shapiro consented to transfer but that attorney Sundquist did not consent. Counsel for Defendant contested whether attorney Sundquist's consent was necessary, noting that attorney Sundquist will be unable to appear in this case to argue for or against the relief requested. However, because

2

Federal Rule of Civil Procedure 45(f) considers the consent of the person subject to a subpoena, attorney Sundquist's failure to consent bars the Court from justifying a transfer on consent grounds.

### Exceptional Circumstances

Nonetheless, the Court finds that exceptional circumstances warrant transfer of the case to the Northern District of California. As the Advisory Committee Notes to Federal Rule of Civil Procedure 45(f) explain, "In some circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Both circumstances exist here. Because the Northern District of California has referred all discovery disputes to a United States Magistrate Judge and the merits of Defendant's initiating motion overlap significantly with the merits of the underlying litigation, the principles of judicial efficiency and consistency support transfer.

All discovery disputes in this case, including a dispute arising out of an initiating motion like the one here, are currently in front of a United States Magistrate Judge in the Northern District of California. On May

28, 2020, Judge Armstrong referred all discovery disputes to a United States Magistrate Judge. *Hayward Property, LLC v. Commonwealth Land Title Ins. Co.*, Case No. 17-cv-06177 (N.D. Cal. May 28, 2020), ECF No. 95. On February 20, 2020, Plaintiff initiated a case in the Southern District of California seeking to quash or limit Defendant's deposition subpoenas to two individuals. *Hayward Property, LLC v. Commonwealth Land Title Ins. Co.*, Case No. 20-03457 (S.D. Cal. Feb. 20, 2020), ECF No. 1. On May 8, 2020, the court transferred the Plaintiff's initiating motion to the issuing court, the Northern District of California. *Id.*, ECF No. 8. On May 29, 2020, the Honorable Saundra Brown Armstrong referred Plaintiff's motion to a United States Magistrate Judge. *Id.*, ECF No. 13. Because all other disputes are consolidated in the Northern District of California in front of a United States Magistrate Judge, judicial efficiency counsels in favor of transferring this case.

The merits of Defendant's motion overlap significantly with the merits of the underlying litigation. Defendant argues that Plaintiff's allegations and assertions in Plaintiff's complaint and answers to interrogatories demonstrate that Plaintiff has waived privilege. (ECF No. 1, PageID.23.) Indeed, Defendant claims that "[i]f Hayward persists in

asserting privilege over these documents, the complaint in the California Action must be dismissed in its entirety." *Id.* (citing *Fremont Indemnity Co. v. Sup. Ct.*, 137 Cal. App. 3d 554, 557 (1982). Plaintiff argues that the issuing court has already rejected Defendant's argument that the statute of limitations bars Plaintiff's claims. (ECF No. 6, PageID.247.) Because this discovery dispute cannot be easily severed from the merits of the underlying litigation, judicial consistency requires the transfer of this case to the issuing court.

The Court is mindful that the Advisory Committee notes recognize that that "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." Advisory Committee Notes, Fed. R. Civ. Proc. 45. Due to the COVID-19 pandemic, courts across the country, including those in the Eastern District of Michigan, have moved to video teleconference for handling civil disputes, and parties are relying on video teleconference for depositions. The Advisory Committee Notes themselves suggest that "[i]f the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties." *Id.* These practices are already

widely in place. Therefore, the Court does not anticipate that transfer will create any practical difficulties for any party or nonparty.

The Court finds that the procedural history of the underlying litigation—in particular, the consolidation of all discovery disputes in front of a United States Magistrate Judge and the transfer of a similar motion to the issuing court—and the overlap between the parties' arguments in this discovery dispute and the merits of the underlying case constitute exceptional circumstances justifying transfer.

Accordingly, the Court TRANSFERS this case to the Northern District of California.

IT IS SO ORDERED.

Dated: June 11, 2020              s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2020.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager